No. 4800.

LOUISE DROUET *v.* SUCCESSION OF L. F. DROUET.

The administrator of a succession only represents the creditors, and after the settlement of the debts, must turn over the estate to the heirs; but can not create or recognize any debt which will pass with the estate, and remain a binding, continuing debt against the heirs, because he is not appointed to represent them.

The provisions of the law seem to give to an illegitimate child the right of action for alimony only against the parent or his heirs. It is not a debt against the succession, which the creditors must allow, or which they have an interest in resisting, but a personal debt of the parent and of those who inherit his estate, and the heirs only take the residuum after the payment of the debts of the succession.

Therefore, the action for alimony, on the part of an illegitimate child, can not properly be brought against the administrator of a succession. It seems by law to be owing by the heirs according to their virile share, and the obligation to pay it continues while it is necessary, or they are able able to pay.

APPEAL from the Second District Court, parish of Orleans. *Tissot, J. C. M. Conrad & Son,* for plaintiff and appellee. *E. Filleul* and *O. Drouet,* for defendant and appellant.

HOWELL, J. This is a suit against the administrator to be declared the illegitimate child of the deceased and to recover alimony at fifty dollars per month, to be paid out of the property of the succession.

The administrator excepted that plaintiff has no right of action against him, as he does not represent the heirs.

Article 241 R. C. C. declares that, "illegitimate children have a right to claim this alimony, not only from their father and mother, but from their heirs after their death."

Article 919 provides, in the first clause, that natural children are called to the succession of their natural father, who has duly acknowledged them, to the exclusion only of the State, and says, in the second clause, " In all other cases, they can only bring an action against their natural father or his heirs for alimony, the amount of which shall be determined, as is directed in the title of father and child."

Those provisions of the law seem to give the right of action for alimony only against the parent or his heirs ; and this seems reasonable, as the payment of alimony may be necessarily required for a considerable time, and to be made only by the parties against whom the law creates the claim. It does not seem to be a debt against the succession, which the creditors must allow, or which they have an interest in resisting, but a personal debt of the parent and those who inherit his estate, and the heirs only take the residuum after the payment of the debts of the succession.

The administrator only represents the creditors, and after the settlement of the debts, he must turn over the estate to the heirs ; but he can not create or recognize any debt which will pass with the estate and remain a binding, continuing debt against the heirs, because he is not appointed to represent them.

We think, therefore, the action for alimony can not properly be brought against the administrator. It seems by law to be owing by the heirs according to their virile share, and the obligation to pay it continues while it is necessary, or they are able to pay.

It is therefore ordered that the judgment appealed from be reversed, and that the plaintiff's demand be dismissed without prejudice to her right of action against proper parties. Costs to be paid by appellee.

Rehearing refused.